■ NORMAN L. PHELPS, Respondent, v. CITY OF BUFFALO, Appellant.— Judgment reversed on the law and facts and a new trial granted, without costs of this appeal to either party. Memorandum: The complaints were framed on the theory of negligent maintenance. It was alleged that the defendant had or should have had notice and knowledge of the glass in the pool. There was no allegation that lack of supervision during the afternoon in question was a cause of the accident. The jury was waived and the court became the judge of the facts. The only findings are in a very brief memorandum. The court found that there was no supervision for a period of time on the day

in question and that such lack of supervision was "undoubtedly" a direct cause of glass being thrown into the wading pool. There is no evidence that any glass was thrown in the pool on that afternoon and there was no causal connection shown between the absence of an attendant for a period of time and the glass subsequently found when the pool was drained. Neither actual nor constructive notice was found by the court and no finding that the pool was negligently maintained. All concur. (Appeal from a judgment of Erie Trial Term for plaintiff, after discharge of the jury following motion by both sides, in a negligence action.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Goldman, JJ.